## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

NORMAN EGOLF,

                Petitioner,

      v.

BRYAN SCHROEDER,              Case No. 4:22-cv-00003-SLG

                Respondent.[1]

## ORDER OF DISMISSAL

On January 24, 2022, Normal Egolf, a self-represented prisoner (herein after "Petitioner"), filed a Petition for Writ of Mandamus, along with a civil cover sheet, and a *Prisoner's Application to Waive Prepayment of the Filing Fee*. Petitioner also filed a *Motion to Expedite Consideration*, *Motion for Waiver of Copy Fees*, and *Motion for Clerk of the Court to Execute Process of Service*.[2] Shortly thereafter, Petitioner filed a *Motion to Amend* with several pages and exhibits that Petitioner sought to incorporate into the original Petition at Docket 1. On March 21, 2022, the Court denied the *Motion to Amend* but accorded Mr. Egolf an opportunity to file an amended petition along with instructions on how to properly amend a petition.[3] In a separate order, three days following, the Court denied the motions on

---

[1] The Court takes judicial notice that S. Lane Tucker is the current U.S. Attorney for the District of Alaska. Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY, (11th ed. 2019).

[2] Dockets 1–6.

[3] Docket 8.

expedited consideration, copy fees, service of process and deferred the *Application to Waive Prepayment of the Filing Fee*.[4] On April 28, 2022, Petitioner filed an *Affidavit in Support of Petition*.[5]

Petitioner did not file an amended petition. Therefore, the Court now screens the Petition for the Writ of Mandamus in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint or petition filed by a self-represented prisoner. In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i)    is frivolous or malicious;
>
> (ii)    fails to state a claim on which relief may be granted; or
>
> (iii)    seeks monetary relief against a defendant who is immune from such relief.[6]

To determine whether a complaint or petition states a valid claim for relief, courts consider whether the complaint or petition contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[7] In

---

[4] Docket 9.

[5] Docket 10.

[6] 28 U.S.C. § 1915A.

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[8] Before a court may dismiss any portion of a complaint or petition for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[9] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[10]

## DISCUSSION

### I.    Petition

Petitioner requests this Court compel Bryan Schroeder, as the United States Attorney for the District of Alaska, to "prosecute all trespasses of constitutional rights whenever those rights are invaded."[11] Petitioner alleges that persons within the Respondent's jurisdiction have "willfully conspired and deprived" him of:  1) "due process of law"; 2) property without due process or jurisdiction; 3) equal protection and "the protection of the laws at any time"; 4) a civil jury trial, twice; 5) his inheritance "when there was no lawful claim of right to the title of said property

---

[8]  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[9]  *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[10] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[11] Docket 1 at 2.

Case No. 4:22-cv-00003-SLG, *Egolf v. Schroeder*
Order of Dismissal
Page 3 of 8

by the opposing party"; 6) "the right to move freely upon the highways"; 7) the right to exercise his religion "at the location of his choosing"; 8) "the right to engage in commerce within the community where plaintiff resides and when no such businesses [were] a party to the action against plaintiff."[12]  Plaintiff, without factual details, alleges he is a victim under federal statutes 18 U.S.C. §§ 241, 1512(a)(C), 1513(b)(2), and "possibly" 1701 and per *Bryant v. United States*, 257 F. 378 (5th Cir. 1919).[13]  He further alleges "officers of the State of Alaska engaged in conduct that meets the burden of crimes defined" by 18 U.S.C. §§ 2381 and 2384.[14]  Plaintiff alleges Respondent "has knowledge of the offenders and offenses and have for 2 plus years refused to perform to his fiduciary duty, constitutional duty, and his contractual duty pursuant to 5 [U.S.C. §] 3331."[15]  Petitioner alleges that he was "subjected to the State of Alaska pointing deadly weapons at [him] to prevent him from exposing the criminal state officers and obtaining enforcement of valid statute of the United States, threatening [him] that he will be shot dead if he does not stop exposing their conduct and surrender his rights.[16]

For relief, Petitioner requests the Court compel Respondent to: 1)

---

[12] Docket 1 at 2–3.

[13] Docket 1 at 3. (In *Bryant*, the Fifth Circuit reviewed appellees' conspiracy convictions under 18 U.S.C. § 2384 for sufficient evidence.).

[14] Docket 1 at 3.

[15] Docket 1 at 3 (Pages 5 through 15 provide legal briefing on Petitioner's assertions of Respondent's constitutional, fiduciary, and contractual duties.)

[16] Docket 1 at 14.

investigate Petitioner's allegations through the U.S. Attorney's Office or the U.S. Marshal, but not the Federal Bureau of Investigation; 2) "take plaintiff to any location as needed" in order to present evidence to the Respondent; 3) "secure any and all search warrants as applicable to uncover criminal conduct"; 4) present all findings before a grand jury, including testimony from Petitioner, if needed; 5) "prosecute any and all violations discovered and refrain from lending prestige to the offender's government status"; 6) to take Petitioner seriously, treat him with dignity, respect, and professionalism, and not retaliate for bringing this action; 7) protect him "from retaliation by the alleged offenders and the State of Alaska itself"; and 8) to be present with the U.S. Marshals at Petitioner's trial "to ensure a fair and impartial hearing as well as to witness confessions in open court by some of the alleged offenders."[17]

## II. Standard for Mandamus Relief

28 U.S.C. § 1361 grants the district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency to perform a duty owed to the plaintiff." The issuance of a writ of mandamus is an extraordinary remedy, which may only be granted after careful judicial consideration.[18] For mandamus relief, a petitioner must satisfy three elements: (1) that petitioner has a clear and certain claim; (2) that the respondent

---

[17] Docket 1 at 4.

[18] *Miller v. French*, 530 U.S. 327, 339 (2000).

has a non-discretionary, ministerial duty, which is so plain as to be free from doubt; and (3) that the petitioner does not have an adequate available remedy.[19] A petitioner must establish all of the required elements in order to receive mandamus relief.

As to the first element, Petitioner has not established a clear and certain claim. Petitioner requests mandamus relief to compel the U.S. Attorney to investigate and prosecute the alleged criminal and constitutional harms by unnamed "offenders" and "State of Alaska officials."[20] Plaintiff fails to plead sufficient plausible facts to demonstrate (1) the specific harm that Plaintiff is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him; and (5) how the Respondent is required to act, because of that harm.[21]

As to the second element, Petitioner does not allege sufficient plausible facts to demonstrate a non-discretionary, ministerial duty. A United States Attorney's decision to investigate or prosecute is a discretionary act.[22] Petitioner requests

---

[19] *Johnson v. Reilly*, 349 F.3d 1149, 1153 (9th Cir. 2003); *Benny v. U.S. Parole Comm.*, 295 F.3d 977, 898 (9th Cir. 2002).

[20] Docket 1.

[21] *See generally* Fed. R. Civ. P. 8(a)(2) (a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

[22] *Ross v. U. S. Attorney's Off. Cent. Dist. of California*, 511 F.2d 524, 525 (9th Cir. 1975) (holding "The well-settled principle that mandamus does not lie to compel a United States Attorney to perform a discretionary act is dispositive of this appeal.") (relying on *Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375, 380 (2nd Cir. 1975) ("[T]he problems inherent in the task of supervising prosecutorial decisions do not lend themselves to resolution by the judiciary. The reviewing courts would be placed in the undesirable and injudicious posture of becoming 'superprosecutors.'")).

the Court to compel a discretionary act,[23] in violation of the Separation of Powers doctrine.[24]  Even if Petitioner alleged additional plausible facts to demonstrate a clear and a certain claim, the Court cannot compel the U.S. Attorney to act in the manner requested.  Thusly, the second element cannot be fulfilled.

As to the third element, Petitioner has made no showing of the lack of alternative available remedies.[25]  The Court takes judicial notice that Petitioner has pending civil and a criminal matters in the Alaska Superior Court.[26]  Civilly, Petitioner proceeds in tort as a self-represented plaintiff in *Egolf v. Stoessel*, Case No. 4TO-19-00031CI, where a status hearing was held on May 26, 2022 and  trial scheduled for the week of July 11, 2022.[27]  Criminally, Petitioner has been charged with one count of Alaska Statute 11.56.810(a)(1)(A), Terroristic Threatening in the Second Degree; a representation hearing is scheduled for June 6, 2022 with a trial scheduled for June 20, 2022.[28]  Despite a lack of foundational pleading,

---

[23] *Pittston Coal Group v. Sebben,* 488 U.S. 105, 121, (1988) ("The extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of 'a clear nondiscretionary duty.'") (citing *Heckler v. Ringer,* 466 U.S. 602, 616 (1984)).

[24] *O'Connor v. State of Nev.,* 507 F. Supp. 546, 549 (D. Nev. 1981), *aff'd,* 686 F.2d 749 (9th Cir. 1982) (reasoning "that federal district courts cannot order a United States Attorney to conduct an investigation or initiate a prosecution because it would violate the doctrine of separation of powers.").

[25] *See* Docket 1.

[26] *See  Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[27] *Egolf v. Stoessel*, Case No. 4TO-19-00031CI (Events: "05/26/2022 Status Hearing – Hearing Held" & "07/11/2022 Scheduled Trial Week").

[28] *State of Alaska v. Norman Egolf*, Case No. 4TO-21-00074CR (Party Charge Information; Events: "06/06/2022 Representation Hearing" & "06/20/22 Scheduled Trial Week").

Petitioner's ongoing state court actions indicate that available alternative remedies may be available.[29]

## CONCLUSION

Petitioner fails to meet any of the required elements that could entitle him to the extraordinary remedy of mandamus. And the Court finds that according another opportunity to amend to the Petitioner would be futile, as the deficiencies cannot be cured.

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED**. The Clerk of Court is directed to enter a final judgment accordingly.

2. The Prisoner's Application to Waive Prepayment of the Filing Fee at Docket 3 is **DENIED** as moot.

DATED this 3rd day of June, 2022 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[29] The Court notes that if Petitioner is seeking to disrupt or enjoin his state court matters through a writ of mandamus, the Court would likely have to abstain from exercising jurisdiction. *See Younger v. Harris*, 401 U.S. 37 (1971); *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013).

Case No. 4:22-cv-00003-SLG, *Egolf v. Schroeder*
Order of Dismissal
Page 8 of 8